FILED

DEC 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30026 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00185-JLR |
| v. | |
| JOSEPH A. McDANIELS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Joseph A. McDaniels appeals from the district court's judgment and

challenges the 113-month prison sentence and three-year term of supervised

release imposed following his guilty-plea conviction for interstate transportation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for prostitution, in violation of 18 U.S.C. § 2421. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

McDaniels contends the government breached the plea agreement by advocating for a three-year term of supervised release in addition to the agreed-upon term of imprisonment. We review de novo whether the government breached the plea agreement, *see United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012), and determine that it did not. The government performed its obligation under the agreement by recommending a 120-month term of imprisonment. Moreover, the district court properly concluded that the recommendation of a three-year term of supervised release did not breach the plea agreement, where the plea agreement advised McDaniels that a term of supervised release was one of the statutory penalties for his offense, and was silent regarding whether the government could recommend a term of supervised release. *See United States v. Franco-Lopez,* 312 F.3d 984, 989 (9th Cir. 2002) (when construing a plea agreement, this court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea).

**AFFIRMED.**